Eliza Capen *vs.* Henry C. Skinner & others, trustees.

Worcester.    October 2, 1900. — October 18, 1900.

Present: Holmes, C. J., Knowlton, Morton, Lathrop, & Hammond, JJ.

*Devise on Condition subsequent.*

If, after a devise for an old ladies' home, a testator provides that "if any of this real estate is sold or used for any other purpose than said old ladies' home it shall revert back to my nearest heirs," but he does not endow the home, a delay of three years in opening and establishing it, and the letting of the property in the mean time to procure funds to pay taxes, insurance, and repairs, do not, under the circumstances, constitute a breach of the condition.

WRIT OF ENTRY, brought against the trustees under the will of Nancy Bartlett. Trial in the Superior Court, before *Stevens, J.,* who directed the jury to return a verdict for the tenants; and the demandant alleged exceptions, which appear in the opinion.

*E. H. Vaughan & F. L. Dean,* for the demandant.

*W. C. Mellish & C. A. Cook,* for the tenants.

MORTON, J.   This is a writ of entry brought by the demand-
ant as the nearest heir of Nancy Bartlett, to recover of the ten-
ants certain premises devised by the said Nancy "for an old
ladies' home, forever to be known as the Bartlett Home for Old
Ladies."   The will provided that "if any of this real estate is
sold or used for any other purpose than said old ladies' home
it shall revert back to my nearest heirs."   The demandant con-
tends that according to the terms of the devise the gift was
of an estate upon condition subsequent, and that there has been
a breach of the condition.   Certain rulings were asked for by
the demandant, which were refused by the presiding judge, who
ruled that there was no evidence to warrant a verdict for the
demandant, and directed a verdict for the tenants.   The case
is here on the demandant's exceptions to the refusal to give the
rulings asked for, and to the order directing a verdict for the
tenants.   We think that the rulings were right.

Assuming, without deciding, that, as the demandant contends,
the devise constituted a gift upon condition subsequent, we think
that there has been no breach of the condition.   The testatrix
died in May, 1894, and the will was duly probated in June fol-
lowing.   In October, 1895, the tenants were duly appointed
trustees of the property in question, and duly qualified as such,
and returned an inventory in November, 1895, in which this
property was duly appraised.   The writ is dated December 28,
1898.          . .

There was uncontradicted testimony tending to show that the
trustees have taken possession of the property, and have had no
other purpose than to hold it for a home for old ladies, and open
it whenever they were able, and that since the death of the tes-
tatrix it has been known as the Bartlett Home for Old Ladies;
that several persons have applied for admittance, but the trus-
tees have not been able to take them in or to install a matron
owing to the want of funds, and that that was the situation at
the date of the writ; that the property has been let in order to
procure funds to pay taxes, insurance, and repairs; that the
money received from the rents has been applied to keeping up
the property with a view to the purpose for which it was devised
and no other; and that at or about the date of the writ, if not
before, a consolidation between the Bartlett Home for aged

ladies and another home for the aged in the same town which had funds but no house had been talked of, and with that in view four of the trustees of the Bartlett Home had been chosen trustees of the other home in place of a like number who had resigned.

Under the circumstances thus disclosed we do not see how it could be found that there had been a breach of the condition. Pending its actual occupation for an old ladies' home the property has been used in a manner consistent with that purpose, and with that purpose in view. The trustees have exercised, as they had a right to do, their discretion in the matter, and there is nothing to show that they have not exercised it wisely.

The testatrix did not endow the home, and must have contemplated that there would be more or less delay in obtaining the necessary funds before the home would be in such a financial condition as to justify the admission of inmates. There is nothing to show that the trustees have not acted in good faith. No one would contend, of course, that they were bound to establish and maintain the home at their own expense, at the risk of forfeiting the devise if they did not; and they had the right to wait in the hope that some plan might be devised, as now seems probable, or some assistance be received which would enable them to carry into effect the purpose of the devise. As the case stands, we do not think that the delay of three years in opening the home constitutes a breach of the condition. The views which we have expressed render it unnecessary to consider particularly the rulings requested by the demandant.

*Exceptions overruled.*