GEORGE B. DYER & others, trustees, *vs.* MICHELE SIANO.

Franklin.     September 22, 1937. — December 1, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Deed*, Construction, To Commonwealth, Covenant, Condition, Determinable fee. *Adverse Possession. Railroad.*

A deed in 1867 to the "Commonwealth and its assigns, to their use and behoof forever," was a conveyance in fee.

If a provision in a deed of land, "It being understood and agreed" that the land should "revert" to the grantor upon its nonuse for a specified purpose, amounted only to a covenant, it had no effect upon the title of the grantee.

A condition subsequent in a deed of land giving the grantor a right of reëntry upon breach could have no effect upon the title of the grantee unless and until the grantor or his heirs or devisees should make such entry or bring an action to recover the land with intent to repossess it.

An unexercised right of a grantor of land to reënter for breach of condition subsequent can pass from him to his heirs or devisees but cannot be conveyed *inter vivos* to a third person, and the condition itself is discharged by an attempt so to convey the right.

A deed to the Commonwealth containing the words, "It being understood and agreed that the above described lands are to be used for Railroad and Station purposes: otherwise the same . . . shall revert to the Grantors," followed by an unconditional *habendum* to the "Commonwealth and its assigns, to their use and behoof forever," did not create a determinable fee to end without entry or action if the lands ceased to be so used.

Under G. L. (Ter. Ed.) c. 160, § 88, an adjoining owner could not acquire title by adverse possession to land lawfully belonging to a railroad corporation even if such land was not a part of its location nor used in its business.

Title to land owned in fee simple, even though defeasible, cannot be lost by mere abandonment.

BILL IN EQUITY, filed in the Superior Court on October 21, 1932.

After a hearing and order for decree by *T. J. Hammond*, J., a final decree accordingly was entered. The defendant appealed.

*H. J. Field,* for the defendant.

*P. H. Ball,* for the plaintiffs.

LUMMUS, J. The plaintiffs' devisor, who died in 1923, purported to acquire between 1899 and 1906 the supposed reversionary interests of the grantors in a deed to the Commonwealth given in 1867. Whatever title the Commonwealth or its successors in title had under that deed passed to the Boston and Maine Railroad in 1919 and from it to the defendant. The question is, whether the claim of the plaintiffs or that of the defendant is the better. The decree upheld the claim of the plaintiffs, and the defendant appealed.

The deed conveyed lands in Deerfield "situated upon the line of the Troy & Greenfield Railroad." Following the description, but before the *habendum,* were these words: "It being understood and agreed that the above described lands are to be used for Railroad and Station purposes: otherwise the same (with the exception of a strip five rods in width covered by the location,) shall revert to the Grantors." The land in question is that part which might thus revert. The *habendum* was as follows: "To Have and to Hold the above granted premises, with all the privileges and appurtenances thereto belonging to the said Commonwealth and its assigns, to their use and behoof forever." Even before the recent statute dispensing with the word heirs in the conveyance of a fee (St. 1912, c. 502, § 19; G. L. [Ter. Ed.] c. 183, § 13), a conveyance with the *habendum* in the form used in the deed in question, made to the Commonwealth which exists in perpetuity and can have no heirs, conveyed a fee. *Sylvester* v. *State,* 46 Wash. 585, 592. Am. Law Inst. Restatement: Property, § 35. See also § 34; *Overseers of the Poor of Boston* v. *Sears,* 22 Pick. 122, 126; *Barker* v. *Barrows,* 138 Mass. 578; *Proprietors of Locks & Canals on Merrimack River* v. *Boston & Maine Railroad,* 245 Mass. 52, 56, 57; *Congregational Society of Halifax* v. *Stark,* 34 Vt. 243, 249; *Wilcox* v. *Wheeler,* 47 N. H. 488; *Asheville*

*Division No. 15, Sons of Temperance* v. *Aston,* 92 N. C. 578,
584; *Chancellor* v. *Bell,* 18 Stew. (N. J.) 538, 541; *Packard*
v. *Old Colony Railroad,* 168 Mass. 92, 96.

In 1874 the land ceased to be used for "railroad" or
"station" purposes. That fact had no effect upon the title
of the grantee if the provision in the deed amounted only
to a covenant. If the provision amounted to a condition,
the same fact could have no effect upon the title of the
grantee unless and until the original grantors or their heirs
or devisees should enter upon the lands for breach of the
condition, or bring an action to recover the lands, with the
intent to repossess themselves of them, which they never
did. *Brattle Square Church* v. *Grant,* 3 Gray, 142, 146.
*Attorney General* v. *Merrimack Manuf. Co.* 14 Gray, 586,
612. *Barker* v. *Barrows,* 138 Mass. 578, 580. *Treasurer
& Receiver General* v. *Revere Sugar Refinery,* 247 Mass. 483;
489, 490. G. L. (Ter. Ed.) c. 184, § 19; c. 237, § 4. *Stearns*
v. *Harris,* 8 Allen, 597. Am. Law Inst. Restatement:
Property, § 45. The unexercised possibility or right of
reëntry for condition broken could pass from the original
grantors by descent or devise. *Hayden* v. *Stoughton,* 5
Pick. 528. *Austin* v. *Cambridgeport Parish,* 21 Pick. 215,
223, 224. But it could not pass from the original grantors
to a third person by a conveyance *inter vivos.* An attempt
so to pass it, either before or after breach, would merely
discharge the condition, and make unconditional the title
of the original grantee. *Rice* v. *Boston & Worcester Rail-
road,* 12 Allen, 141. *Guild* v. *Richards,* 16 Gray, 309. *St.
Paul's Church* v. *Attorney General,* 164 Mass. 188, 198.
*Avery* v. *Consumers Power Co.* 265 Mich. 696. Am. Law
Inst. Restatement: Property, § 160. Compare *Stearns* v.
*Harris,* 8 Allen, 597. If the provision in question amounted
to a condition, the title of the defendant has been freed
from it by the very conveyances that purported to transfer
to the plaintiffs' devisor the rights of the original grantors,
and the plaintiffs have acquired nothing.

The plaintiffs can prevail upon the record title only on
the theory that the deed conveyed what is called a base,
qualified or determinable fee, to end without entry or action

whenever the granted lands (to construe the provision favorably to the plaintiffs) should cease to be "used for Railroad and Station purposes," and in the meantime leaving in the original grantors a possibility of reverter which for the purposes of this decision we may assume, without deciding, to be alienable. *First Universalist Society of North Adams* v. *Boland*, 155 Mass. 171. *Flynn* v. *Caplan*, 234 Mass. 516, 520. *Institution for Savings in Roxbury* v. *Roxbury Home for Aged Women*, 244 Mass. 583. *Proprietors of Locks & Canals on Merrimack River* v. *Boston & Maine Railroad*, 245 Mass. 52, 56. *Lyford* v. *Laconia*, 75 N. H. 220. Am. Law Inst. Restatement: Property, § 44. Simes, Future Interests (1936), § 715.

But none of the common indicia of a determinable fee are found in the deed. Neither in the *habendum* nor in any other part of the deed are words like "so long as," "during" or "until," commonly inserted in the *habendum* when such a fee is intended. The *habendum* is not only unqualified, but ends with the words "to their use and behoof forever." The provision that "otherwise," that is, if the lands conveyed shall cease to be "used for Railroad and Station purposes," they shall "revert to the Grantors," does not of itself show an intention that the fee granted shall terminate and the lands "revert" without entry or action. It is true that the words used are not the technical words of condition any more than those of determinable fee; but technical words are not essential to a condition. *Rawson* v. *School District in Uxbridge*, 7 Allen, 125. *Attorney General* v. *Merrimack Manuf. Co.* 14 Gray, 586, 612. *Clapp* v. *Wilder*, 176 Mass. 332. *Wilson* v. *Middlesex Co.* 244 Mass. 224, 230. The words "revert" and "reverter" are not inappropriate to express the operation of a condition subsequent upon a fee (*Brattle Square Church* v. *Grant*, 3 Gray, 142, 147; *Rice* v. *Boston & Worcester Railroad*, 12 Allen, 141, 142), and language not unlike that in the deed in question has been treated as creating a fee defeasible upon condition subsequent. *Crane* v. *Hyde Park*, 135 Mass. 147. *Howe* v. *Lowell*, 171 Mass. 575. *Capen* v. *Skinner*, 177 Mass. 84. Am. Law Inst. Restatement: Property, § 45, comment *m.*

On the whole we think that no determinable fee was created.

It is immaterial whether or not the subsidiary facts reported by the master support his conclusion that the plaintiffs acquired title to the lands in question by the adverse possession of their devisor and themselves from 1906 until 1929, apart from the following question of law. From 1919, at the latest, and doubtless from a much earlier date, until the conveyance to the defendant in 1925, the lands in question were owned by a railroad corporation, according to our construction of the deed of 1867, and the plaintiffs and their devisor before them were the owners of adjoining land. G. L. (Ter. Ed.) c. 160, § 88, reads: "No length of possession or occupancy of land, which belongs to a railroad corporation, by an owner or occupier of adjoining land shall create in him or in a person claiming under him a right to such land of the corporation." Whatever the purpose of the original statute from which that section was derived, it is now settled that it applies to all land lawfully owned by a railroad corporation, whether a part of its location or used in its business, or not. *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286. *Hurlbut Rogers Machinery Co.* v. *Boston & Maine Railroad*, 235 Mass. 402. The claim of the plaintiffs by adverse possession, like their claim under the deed of 1867, is without foundation.

One point remains. The master found as follows: "The Fitchburg Railroad Company, successor of whatever rights the Commonwealth derived under the original deed to it, never made any claim to the land claimed by the plaintiffs, and that if it ever did so claim, it abandoned and relinquished and disavowed any claim to such land, at least from September 12, 1898." Since there is no subsidiary finding inconsistent with this general finding, it must be taken as a fact. *MacLeod* v. *Davis*, 290 Mass. 335. But the fact can have no effect upon the title. An easement, it is true, can be lost by abandonment. *Amee* v. *Boston & Albany Railroad*, 212 Mass. 421. *Willets* v. *Langhaar*, 212 Mass. 573, 575. *Rodde* v. *Nolan*, 281 Mass. 493. *Dubinsky* v. *Cama*, 261 Mass. 47, 57. *Les* v. *Alibozek*, 269 Mass. 153, 157. The

Commonwealth and its successors in title under the deed of 1867 owned a fee simple, though it may have been a defeasible one, and the common law knows no such thing as the loss of a fee simple by mere abandonment. *Arnold* v. *Stevens*, 24 Pick. 106, 112. *Tinker* v. *Bessel*, 213 Mass. 74, 77. *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 292. *Phinney* v. *Gardner*, 121 Maine, 44. *Trustees of Caledonia County Grammar School* v. *Howard*, 84 Vt. 1, 10. *Barrett* v. *Kansas & Texas Coal Co.* 70 Kans. 649, 655. *Krueger* v. *Market*, 124 Minn. 393, 398. *Phy* v. *Hatfield*, 122 Tenn. 694, 19 Ann. Cas. 374. *Southern Coal & Iron Co.* v. *Schwoon*, 145 Tenn. 191, 225. *Duncan* v. *Mason*, 239 Ky. 570, 576. *Tarver* v. *Deppen*, 132 Ga. 798, 804, 805. *Kreamer* v. *Voneida*, 213 Penn. St. 74, 80. *Parks* v. *Pennsylvania Railroad*, 301 Penn. St. 475, 481. No ground of estoppel is shown.

<div align="right">

*Decree reversed.*
*Bill dismissed with costs.*