J. Winn Brown *vs.* Independent Baptist Church of
Woburn & others.

Middlesex.   January 6, 1950. — April 14, 1950.

Present: Qua, C.J., Ronan, Wilkins, & Counihan, JJ.

*Real Property*, Determinable fee, Reverter.   *Devise and Legacy*, Residue,
Construction of particular phrase.   *Rule against Perpetuities.*

By a devise of land to a church "to be holden and enjoyed by them so
long as they shall . . . continue a church; and if the said church be
dissolved" then the land to go to certain named "legatees," a deter-
minable fee in the church was created; but the attempted executory
devise to take effect when the church ceased to "continue" was void
for remoteness, and the possibility of reverter, upon its ceasing to
"continue," which was devisable, passed under a residuary clause
notwithstanding the fact that the residuary beneficiaries were the same
as those who would have taken under the attempted, but void, execu-
tory devise; and such residuary devise was not void for remoteness.

Bill in equity, filed in the Supreme Judicial Court for
the county of Middlesex on April 2, 1940.

The suit was heard and reserved and reported by *Spald-
ing*, J.

*G. Newhall*, for the appellants, residuary legatees of Sarah
Converse.

*H. M. Leen*, for the trustee under the will of one of the heirs
at law of Mrs. Converse.

Qua, C.J.   The object of this suit in equity, originally
brought in this court, is to determine the ownership of a
parcel of land in Woburn and the persons entitled to share
in the proceeds of its sale by a receiver.

Sarah Converse died seised of the land on July 19, 1849,
leaving a will in which she specifically devised it "to the
Independent Baptist Church of Woburn, to be holden and
enjoyed by them so long as they shall maintain and promul-
gate their present religious belief and faith and shall con-
tinue a Church; and if the said Church shall be dissolved,

or if its religious sentiments shall be changed or abandoned, then my will is that this real estate shall go to my legatees hereinafter named, to be divided in equal portions between them. And my will further is, that if my beloved husband, Jesse Converse, shall survive me, that then this devise to the aforesaid Independent Church of Woburn, shall not take effect till from and after his decease; and that so long as he shall live he may enjoy and use the said real estate, and take the rents and profits thereof to his own use." Then followed ten money legacies in varying amounts to different named persons, after which there was a residuary clause in these words, "The rest and residue of my estate I give and bequeath to my legatees above named, saving and except therefrom the Independent Baptist Church; this devise to take effect from and after the decease of. my husband; I do hereby direct and will that he shall have the use and this rest and residue during his life."

The husband of the testatrix died in 1864. The church named by the testatrix ceased to "continue a church" on October 19, 1939.

The parties apparently are in agreement, and the single justice ruled, that the estate of the church in the land was a determinable fee. We concur. *First Universalist Society of North Adams* v. *Boland,* 155 Mass. 171, 174. *Institution for Savings* v. *Roxbury Home for Aged Women,* 244 Mass. 583, 585–586. *Dyer* v. *Siano,* 298 Mass. 537, 540. The estate was a fee, since it might last forever, but it was not an absolute fee, since it might (and did) "automatically expire upon the occurrence of a stated event." Restatement: Property, § 44. It is also conceded, and was ruled, that the specific executory devise over to the persons "hereinafter named" as legatees was void for remoteness. This conclusion seems to be required by *Proprietors of the Church in Brattle Square* v. *Grant,* 3 Gray, 142, 152, 155–156, *First Universalist Society of North Adams* v. *Boland,* 155 Mass. 171, 173, and *Institution for Savings* v. *Roxbury Home for Aged Women,* 244 Mass. 583, 587. See Restatement: Property, § 44, illustration 20. The reason is stated to be

that the determinable fee might not come to an end until long after any life or lives in being and twenty-one years, and in theory at least might never come to an end, and for an indefinite period no clear title to the entire estate could be given.

Since the limitation over failed, it next becomes our duty to consider what became of the possibility of reverter which under our decisions remained after the failure of the limitation. *First Universalist Society of North Adams* v. *Boland,* 155 Mass. 171, 175. *Institution for Savings* v. *Roxbury Home for Aged Women,* 244 Mass. 583, 587. Restatement: Property, § 228, illustration 2, and Appendix to Volume II, at pages 35–36, including note 2. A possibility of reverter seems, by the better authority, to be assignable inter vivos (Restatement: Property, § 159; Simes, Future Interests, § 715; see Tiffany, Real Property [3d ed.] § 314, note 31) and must be at least as readily devisable as the other similar reversionary interest known as a right of entry for condition broken, which is devisable, though not assignable. *Dyer* v. *Siano,* 298 Mass. 537, 539. *Hayden* v. *Stoughton,* 5 Pick. 528, 535–540. *Brigham* v. *Shattuck,* 10 Pick. 306. *Austin* v. *Cambridgeport Parish,* 21 Pick. 215, 223–224. *Clapp* v. *Wilder,* 176 Mass. 332, 337. *Battistone* v. *Banulski,* 110 Conn. 267. G. L. (Ter. Ed.) c. 191, §§ 1, 24. Restatement: Property, § 165 (see comment f). Simes, Future Interests, § 732. See Tiffany, Real Property (3d ed.) § 314, note 34; *Steel* v. *Cook,* 1 Met. 281. It follows that the possibility of reverter passed under the residuary clause of the will to the same persons designated in the invalid executory devise. It is of no consequence that the persons designated in the two provisions were the same. The same result must be reached as if they were different.

The single justice ruled that the residuary clause was void for remoteness, apparently for the same reason that rendered the executory devise void. With this we cannot agree, since we consider it settled that the rule against perpetuities does not apply to reversionary interests of this general type, including possibilities of reverter. *Proprietors of the Church*

*in Brattle Square* v. *Grant,* 3 Gray, 142, 148. *French* v. *Old South Society in Boston,* 106 Mass. 479, 488–489. *Tobey* v. *Moore,* 130 Mass. 448, 450. *First Universalist Society of North Adams* v. *Boland,* 155 Mass. 171, 175–176. Restatement: Property, § 372. Tiffany, Real Property (3d ed.) § 404. See Gray, Rule Against Perpetuities (4th ed.) §§ 41, 312, 313. For a full understanding of the situation here presented it is necessary to keep in mind the fundamental difference in character between the attempted executory devise to the legatees later named in the will and the residuary gift to the same persons. The executory devise was in form and substance an attempt to limit or create a new future interest which might not arise or vest in anyone until long after the permissible period. It was obviously not intended to pass such a residuum of the testatrix's existing estate as a possibility of reverter, and indeed if the executory devise had been valid according to its terms the whole estate would have passed from the testatrix and no possibility of reverter could have been left to her or her devisees. The residuary devise, on the other hand, was in terms and purpose exactly adapted to carry any interest which might otherwise remain in the testatrix, whether or not she had it in mind or knew it would exist. *Thayer* v. *Wellington,* 9 Allen, 283, 295. *Wellman* v. *Carter,* 286 Mass. 237, 249–250.

We cannot accept the contention made in behalf of Mrs. Converse's heirs that the words of the residuary clause "saving and except therefrom the Independent Baptist Church" were meant to exclude from the operation of that clause any possible rights in the *land* previously given to the church. We construe these words as intended merely to render the will consistent by excluding the church which also had been "above named" from the list of *"legatees"* who were to take the residue.

The interlocutory decree entered December 16, 1947, is reversed, and a new decree is to be entered providing that the land in question or the proceeds of any sale thereof by the receiver shall go to the persons named as legatees in the will, other than the Independent Baptist Church of Woburn,

or their successors in interest. Further proceedings are to be in accord with the new decree. Costs and expenses are to be at the discretion of the single justice.

*So ordered.*