*Southern District*

No. 2628

## ADOLPH PLANTE

v.

## EVERETT L. NICHOLS

*Welch, J.* This is an action of contract in which the plaintiff seeks to recover $3,417.78. with interest thereon for labor and materials furnished to the defendant by the plaintiff according to an account annexed. The defendant's answer is a general denial, and alleges payment in full and claims that the agreement was not in writing and is therefore outlawed by the Statute of Frauds.

At the trial (Barnet, J.) the plaintiff's evidence was as follows: The defendant asked him to build a house for him. He owned no land and had only $1000. Because of lack of funds the defendant agreed to help in the construction. The plaintiff estimated that under such circumstances, where the defendant would do his own painting, insulating, digging, water

pumping when necessary, and various other incidental operations the cost might come to about $7500 or $8500.

The agreement was oral. The plaintiff arranged for the purchase by the defendant of a piece of land and assisted in getting a construction loan for him. The plaintiff sold the defendant an additional parcel of land for $250 which has not been paid.

An expert testified that the property when finished was worth $12,000 to $13,000. The defendant did the painting inside and out, the landscaping, the installing of wrought iron rails on the front porch, a back door walk and cement steps, and the work necessary to coat the interior cellar walls with one of three necessary coats of water proofing material, and brushes being supplied by the plaintiff.

There was further testimony by the plaintiff that the defendant moved into the house before it was finished and that when the plaintiff submitted a bill five months after the completion of the house, for the balance due the defendant said he would check the bills but later refused to pay, stating that the agreement was for $7500. The bill as presented showed a credit to the defendant of $558.77 which represented merchandise and building materials unused in the course of construction.

There was also evidence, which the defendant denied, that the plaintiff did not agree to build the house for $7500 but did agree to build it on a cost plus basis which he estimated would be in the vicinity of $7500 to $8500; that during construction the plaintiff told the defendant that the cost would exceed the estimate, and changes from the original plan were made.

There was also evidence for the plaintiff that he introduced the defendant to a man who would finance the construction. The electrical work, masonry, heating and plumbing were sublet and the plaintiff paid for the same.

There was also evidence that the plaintiff introduced

the defendant to a man who gave a construction loan of $7500 which the plaintiff has received.

The plaintiff duly filed seven requests for rulings. The court failed to act upon them but later filed an Addition and Amendment to the Finding and Rulings of the Court, in which he disallowed plaintiff's requests numbered 5 and 7. He allowed the five requests filed by the defendant.

The plaintiff claims to be aggrieved by the Court's allowance of the defendant's five requests and the primary failure of the court to rule on plaintiff's seven requests and the subsequent disallowance of the plaintiff's requests numbered 5 and 7.

The judge filed a memorandum of findings of fact and rulings which is as follows:

"This is an action of contract begun by writ dated June 8, 1951 wherein the plaintiff seeks to recover for certain labor and materials furnished by him in the erection of a home on Summit Street in New Bedford. Plaintiff's declaration also covers the cost of one extra lot purchased by the defendant from the plaintiff at an agreed price of $250.

"From all the evidence it appears that the plaintiff was a contractor and builder of homes. He was also the owner of a certain strip of land on Summit Street in New Bedford. Some time in 1950 the defendant, being desirous of building a home contacted the plaintiff. At that time the defendant had $1000 in cash. There was some discussion between the parties with regard to the location of the house. The plaintiff agreed to sell to the defendant a lot with a 50 foot frontage on Summer Street for the sum of $750. The defendant purchased the lot and paid the purchase price.

"There was discussion between the parties with regard to the type of house to be constructed and estimates were made concerning the cost. Four or five weeks elapsed between the initial conversation and the time construction began. There was some talk about the proper location of the house, and the

parties agreed that the defendant should purchase fifteen additional feet of land at a cost of $250. This amount was not paid.

"The defendant had no further money to pay on account of the construction of the home and the plaintiff arranged for a private construction loan of $7500 of which sum the plaintiff guaranteed to the lender the sum of $1500.

"The plaintiff contended that the agreement with the defendant was to pay for all materials at a cost plus labor at a work-day basis. The defendant contended that there was an agreement for a specific sum, namely, $7500. The only money paid to the plaintiff on account of the construction of the building was the proceeds of the loan. The building was completed in October of 1950. The plaintiff did not render a bill to the defendant until some time in March of 1951. Certain work on the house was done by the defendant, including the painting, both inside and out.

"Upon all the evidence I find the agreement of the parties was for a definite price of $7500 and that this amount was received by the plaintiff. The price of the extra lot however, has not been paid and I find that the plaintiff is entitled to recover the sum agreed upon, namely, $250.00.

"At the close of the evidence and before argument the defendant filed 5 requests for rulings. All 5 are allowed insofar as they are applicable to the facts as I have found them. Judgment is to be entered for the plaintiff in the sum of $250.00."

The judge later amended his findings and rulings as follows:

"Through inadvertence, the original memorandum filed in this matter did not contain reference to the plaintiff's requests nor the court's ruling thereon.

"There were 7 requests for rulings filed by the plaintiff. Requests numbered 1, 2, 3 and 4 are allowed as proper statements of the law; No. 5 is disallowed being not only a statement of law, but includes the

finding of certain facts which are contrary to the facts as I have found them; 6 is allowed, 7 is disallowed, the first part being contrary to the facts and the second is not applicable."

*We think there was no error.*

The plaintiff claims to be aggrieved by the primary failure of the court to rule on his seven requests for rulings. The judge, however, in his amended finding acted upon the requests. This he had the right to do. The power of a court is ample to correct its records so as to make them conform to the facts and to express the decision really intended to be made. *Waucantuck Mills v. Magee Carpet Company,* 225 Mass. 31, 33.

The plaintiff's fifth request was as follows:

"Where a contractor agrees to do work at an estimated price conditional upon the owner doing certain acts in relation to the work but changes were made at the request of the owner, which increased cost of construction, the original contract was terminated when work to be done was greatly changed, and contractor was entitled to recover for the value of the work actually done."

The request was disallowed "being not only a statement of law, but includes the finding of certain facts contrary to the facts as I have found them."

There was no error in the disallowance of the request. The court in its memorandum expressly found that the agreement of the parties was for a definite price of $7500. Although there was evidence for the plaintiff that changes from the original plan were made, the judge was not required to find as a fact that changes had been made.

There was no error in the denial of plaintiff's seventh request, part 1. It was as follows: "Plaintiff and defendant entered into an oral contract whereby the plaintiff was to do certain work and labor and materials, the defendant to pay moneys in consideration thereof and the plaintiff did perform in the requirements of the defendant." It was disallowed as being contrary to the facts found. We are unable to

understand what the request is because apparently some wording is left out, but it appears that it is a request for a finding of fact which the court was not required to give.

The plaintiff is also aggrieved by the failure to give part 2 of request No. 7 which is as follows:

"The parties' contract is not within the meaning of Chapter 259, section 1 (1-5 Incl.) General Laws (Ter. Ed.)." The court refused it as not applicable. We assume that clause fifth of section 1 is referred to. By that clause no action can be brought upon an agreement that is not to be performed within one year from the making thereof, unless it is in writing.

The statute does not apply in this case because if an oral contract may be completely performed within a year, it is not within the statute of frauds. *Flynn v. Caplan,* 234 Mass. 516, 520.

The defendant filed five requests which were allowed "insofar as they are applicable to the facts as I have found them."

No. 1 was as follows: "An oral agreement to build a house comes within the purview of the Statute of Frauds." This should not have been allowed. The contract could have been completed within a year and the statute does not apply. *Rowland v. Hackel,* 243 Mass. 160, 162.

We do not think, however, that the plaintiff was harmed by the allowance of this request insofar as it was applicable to the facts found. The judge's memorandum clearly shows that his decision was not based on that Statute but was based on his express finding that the agreement of the parties was for a definite price $7500, which amount was received by the plaintiff.

The remaining requests of the defendant were as follows:

2. Payment by a mortgagee to the builder of a house constitutes payment, even though the money is not actually paid by the mortgagor, for whom the house was built.

3. A party contracting to build a house for a sum certain

cannot thereafter change the amount to a sum computed by hours worked, and materials furnished, without the consent of the other party.

4. On all the evidence, the plaintiff is not entitled to recover for building the house in question.

5. The plaintiff must prove by a fair preponderance of the evidence each item alleged in an account in his declaration in order to recover for said item.

There was no error in the allowance of the requests insofar as they were applicable to the facts as the judge found them.

There being no prejudicial error, the report is dismissed.

P. Barnet, for the plaintiff.

J. Fox, for the defendant.