HUBERT F. HOWSON & another[1] vs. CROMBIE STREET
CONGREGATIONAL CHURCH.

Suffolk. March 2, 1992. - April 24, 1992.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ

*Real Property*, Right of entry, Reverter, Record title. *Practice, Civil*, Friv-
olous action.

The statutory rule against perpetuities in G. L. c. 184A, § 7, had no appli-
cation to a right of entry created by a conveyance in 1941. [528]
A statement recorded in 1960 in the appropriate registry of deeds was
adequate under G. L. c. 260, § 31A, to preserve a right of entry with
respect to certain land, even though the statement incorrectly described
the interest as a possibility of reverter [528-529], and even though the
statement had been acknowledged, rather than "duly sworn to," before
a notary public, where this defect was cured by the passage of ten
years, under provisions of G. L. c. 184, § 24 [529-530].
This court did not award costs under Mass. R. A. P. 25 where an appeal
was not frivolous. [530]

CIVIL ACTION commenced in the Land Court Department
on September 18, 1985.

The case was heard by *Peter W. Kilborn*, J.

*Earle H. Smith* for the defendant.

*John A. Howson* of New York, & *David B. Crosby* for the
plaintiffs.

NOLAN, J. We are asked in this appeal to decide the effect
of a conveyance of a fee simple on condition subsequent and
the reservation of a right of entry. The defendant (church)
appeals from a declaratory judgment of the Land Court con-
cluding that the "plaintiffs hold the Premises now known as
and numbered 9 Crombie Street, Salem, free of any interest
of the defendant." We granted the defendant's application

---

[1]John A. Howson.

for direct appellate review and we now affirm the judgment of the Land Court.

From the decision of the Land Court, we learn that by quitclaim deed, dated April 2, 1941, Gertrude Farnham conveyed a parcel to the church, and the deed contained the following language: "It is further understood and agreed that said premises are to be held by said grantee as a Parsonage for the Minister of said church and as a Parish House and if said grantee should ever cease to carry on the adjoining property as a church for its own use or if said premises herein described shall ever cease to be used by said church as a Parsonage or Parish House or for other religious purposes, then said premises shall revert to me, or if I should be deceased, then to the persons who at such time would be entitled to the residue of my estate. Said premises herein conveyed shall be known as the 'Bowker-Richardson House and Garden.' No revenue stamps are required on this instrument."

Farnham died in 1962, leaving her rights in the premises to the original plaintiffs in this action. These devisees died and the present plaintiffs have succeeded jointly to their rights.

Beginning in 1978, and continuously thereafter until at least the end of May, 1985, the church ceased using the premises as a parsonage, and except for one room, no part of the premises was used by the church for other religious purposes. (No issue has been raised by the defendant that the use of one room was sufficient to save the day for the defendant.) In resolving the issue on appeal, we must examine the relevant statutes: G. L. c. 184A, §§ 7, 9 (1990 ed.); G. L. c. 260, § 31A (1990 ed.); and G. L. c. 184, § 24 (1990 ed.). We are required to determine what becomes of the right of entry reserved by the language of the deed set forth above. Despite the use of the word "revert," the judge concluded that the conveyance was not a fee simple determinable which would have created a possibility of reverter in the plaintiffs. See *Dyer v. Siano*, 298 Mass. 537, 539-541 (1937). See generally *Harrison v. Marcus*, 396 Mass. 424, 426-432 (1985). The use of the words "revert" and "reverter" are not incon-

sistent with the grant of a fee simple on condition subsequent, as the judge correctly concluded. See *Dyer* v. *Siano, supra* at 540.

The question remains, however: Did the right of entry survive and vest title in the plaintiffs, or is the right defeated by one or more of the statutes noted above, in which case indefeasible title in fee has vested in the church?[2] The decision of the Land Court gives the plaintiffs title and we affirm.

1. *Statutes.* The judge ruled that the strictures of the statutory rule against perpetuities in G. L. c. 184A, § 7, did not apply. There was no error because § 7 clearly pertains only to instruments taking effect after January 1, 1955.[3] This deed is dated April 2, 1941. Nothing in G. L. c. 184A, § 9, is inconsistent with this conclusion. See *Oak's Oil Serv., Inc.* v. *Massachusetts Bay Transp. Auth.*, 15 Mass. App. Ct. 593, 598-600 (1983). Cf. *Brown* v. *Independent Baptist Church of Woburn*, 325 Mass. 645, 647-648 (1950) (for purpose of rule against perpetuities, reversionary interest, like a possibility of reverter, is distinguished from gift over. which would be an executory devise subject to rule).

The more troublesome problem arises in connection with G. L. c. 260, § 31A. According to this statute, no right of entry arising from a fee simple on condition subsequent created before January 2, 1955, is enforceable unless the person holding it has filed a statement before January 1, 1964, in the appropriate registry of deeds. See *Brookline* v. *Carey*, 355 Mass. 424, 426-427 (1969).

Section 31A is explicit as to the requirement of the statement. It must be "in writing, duly sworn to, describing the land and the nature of the right and the deed or other instru-

---

[2]Because the residuary legatees were able to inherit the grantor's right of entry, see *Dyer* v. *Siano, supra* at 539, the grantor's reference to the residuary legatees in the deed does not violate the common law rule against perpetuities. Cf. *Brown* v. *Independent Baptist Church of Woburn*, 325 Mass. 645, 648 (1950).

[3]Statute 1954, c. 641, which enacted the original version of G. L. c. 184A, states in § 2 that G. L. c. 184A "shall take effect on January first, nineteen hundred and fifty-five, and shall apply only to inter vivos instruments taking effect after that date."

ment creating it, and where it may be found if recorded or registered, . . . naming the person or persons appearing of record to own the fee subject to such right." A statement was recorded on September 9, 1960, in a form which the church argues is defective because it does not identify the nature of the right. The judge ruled that the plaintiffs satisfied this requirement because of the reference to the reverter interest. We agree. That the interest was a right of entry and not a possibility of reverter is not fatal because the reference is clearly to the interest retained by the plaintiffs.

The church's next objection is that the statement is "not duly sworn to." It was acknowledged before a notary public of the State of New York and contains the customary language of acknowledgment (foregoing instrument "to be her free act and deed"). There is no express language that the instrument is sworn to or that it was made under the pains and penalties of perjury. The judge concluded that the statute's principal purpose is a "notice function" which was fulfilled by the instrument as a whole and that, therefore, there has been substantial compliance with the statute. We agree. The purpose of the statute is to alert the world to the existence of the outstanding right of entry and this statement has met that purpose. See G. L. c. 4, §§ 6, 7. In any event, any defect in the filing of the statement was cured ten years later under the provisions of G. L. c. 184, § 24, set forth in full in the margin.[4] The use of an acknowledgment instead of a

---

[4]General Laws c. 184, § 24 (1990 ed.), provides as follows: "When any owner of land the title to which is not registered, or of any interest in such land, signs an instrument in writing conveying or purporting to convey his land or interest, or in any manner affecting or purporting to affect his title thereto, and the instrument, whether or not entitled to record, is recorded, and indexed, in the registry of deeds for the district wherein such land is situated, and a period of ten years elapses after the instrument is accepted for record, and the instrument or the record thereof because of defect, irregularity or omission fails to comply in any respect with any requirement of law relating to seals, corporate or individual, to the validity of acknowledgment, to certificate of acknowledgment, witnesses, attestation, proof of execution, or time of execution, to recitals of consideration, residence, address, or date, to the authority of a person signing for a corporation who purports to be the president or treasurer or a principal officer of

,sworn statement appears to be the kind of defect which is within the intendment of § 24.

2. *Other issues.* None of the other issues raised by the church on appeal warrants reversal. We need not consider whether a condition in the deed was broken when the premises may not have been used as a parsonage for three years in the 1950's because this argument is contrary to the stipulation of the parties which limited the critical events in this case to events subsequent to 1978.

There is no merit to the church's contention that the plaintiffs failed to state a claim upon which relief can be granted.

Finally, we agree with the judge that extrinsic evidence was properly admitted to aid in the interpretation of the grantor's intent, because of ambiguities in the deed. See *Ryan* v. *Stavros*, 348 Mass. 251, 259-260 (1964).

3. *Conclusion.* The plaintiffs now hold these premises free of any interest of the church. Although we have found no merit to the defendant's various contentions, its appeal is not frivolous, and, therefore, we do not award "just damages and costs" under Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979), and G. L. c. 211A, § 15 (1991 ed.) (double costs). See *Glorioso* v. *Retirement Bd. of Wellesley*, 401 Mass. 648, 652-653 (1988).

*Judgment affirmed.*

---

the corporation, such instrument and the record thereof shall notwithstanding any or all of such defects, irregularities and omissions, be effective for all purposes to the same extent as though the instrument and the record thereof had originally not been subject to the defect, irregularity or omission, unless within said period of ten years a proceeding is commenced on account of the defect, irregularity or omission, and notice thereof is duly recorded in said registry of deeds and indexed and noted on the margin thereof under the name of the signer of the instrument and, in the event of such proceeding, unless relief is thereby in due course granted."