INSTITUTION FOR SAVINGS IN ROXBURY AND ITS VICINITY
vs. ROXBURY HOME FOR AGED WOMEN & others.

Suffolk.    December 14, 1922.— April 26, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Land Court.    Charity.    Perpetuities, Rule against.*

Although Massachusetts savings banks are incorporated to encourage habits of thrift by the allowance of interest on small accounts, and their funds and deposits are held for the exclusive benefit of depositors, and they do in fact approximate somewhat to the character of charitable institutions, they are private corporations and are not charities in the true sense of the term, and their purpose is not within the meaning of St. 43 Eliz. c. 4, or its object as applied in this Commonwealth.

A conveyance of real estate to a Massachusetts savings bank was made for the uses and upon the trust contained in a letter from the owner reciting that it was for the free use of the trustees of the bank "as long as the present Institution shall continue to exist on the following conditions. . . . 2d. That when the Institution shall cease to exist the Trustees shall convey the whole estate to the then authorized managers of" a certain "Old Ladies Home" and if that institution was not then in existence then the conveyance was to be made to the "Mayor and Aldermen for the support of the Aged Poor within the limits of the territory now comprising the City of Roxbury." *Held,* that

(1) The words, "as long as the present institution shall continue to exist," created a qualified or determinable fee;

(2) The gift to the savings bank was not a charitable gift;

(3) The gift over to the "Old Ladies Home" was void for remoteness;

(4) Although the gift over to the charity was void for remoteness, the gift to the savings bank was affected by the limitation over, there being a possibility of reverter to the original donor or his heirs.

A qualified or determinable title in fee in real estate is not subject to registration under G. L. c. 185, § 26.

PETITION, filed in the Land Court on March 11, 1922, to register the title to land at the corner of Washington and Marvin streets in that part of Boston called Roxbury.

In the Land Court the petition was heard by *Corbett,* J. Material facts are described in the opinion. The judge found and ruled that the gift to the petitioner did not create a public charity, that the gift over was void for remoteness, that the petitioner did not have a fee simple as required by G. L. c. 185, § 26, but

had a qualified fee only, and ordered the petition dismissed. The petitioner and the respondents alleged exceptions.

The case was submitted on briefs.

*R. H. Holt,* for the petitioner.

*J. Worthington & D. Kimball,* for the respondents.

CARROLL, J. This is a petition to register title to land. Aaron D. Williams, who died December 8, 1863, was the owner of the property. On May 12, 1863, he wrote to Col. A. D. Hodges, president of the Institution for Savings in Roxbury and its Vicinity (the petitioner), as follows:

"Dear Sir: —The undersigned would be obliged if you would offer to the Trustees of the above named Institution the free use of the Banking Rooms in the new building now being finished on Washington St. opposite the City Hotel in Roxbury. And also offer them a deed in trust of the whole property for their use as long as the present Institution shall continue to exist on the following conditions *viz:* That the income of the building (except that part used by the Savings Institution) shall be applied to the payment of a debt of about eight thousand dollars contracted upon said building. 2d. That when the Institution shall cease to exist the Trustees shall convey the whole estate to the then authorized managers of the Old Ladies Home in Roxbury for the sole benefit of that worthy Institution or if said Old Ladies Home shall not be in existence at the time then to be conveyed to the Mayor and Aldermen for the support of the Aged Poor within the limits of the territory now comprising the City of Roxbury. Should the trustees accept of the above proposition upon the conditions named, such papers shall be executed as are necessary to carry out the design. The rent of the said building exclusive of that part offered to the Savings Institution is estimated at about fifteen hundred dollars per year. The cost of the Building including the land is about Twenty-two thousand dollars.

Yours very Respectfully,

Aaron D. Williams."

In March, 1864, the Institution for Savings in Roxbury and its Vicinity brought a petition in the Probate Court setting out the above offer, that it had been accepted by the institution, and praying for its specific performance. A decree was entered

in that court directing the administrator of Aaron D. Williams to convey the premises to the Institution "conformably with the full intent and meaning of the agreement," and in 1867 the administrator conveyed to the institution all the title and interest of Williams in the land.  The habendum in the deed was to the said institution, "its successors and assigns, forever for the uses and upon the trusts, however expressed in a certain proposition signed by Aaron D. Williams, deceased, dated May 12, 1863, addressed to Col. A. D. Hodges, President of the Institution for Savings in Roxbury and Vicinity, a copy of which is hereto annexed."

The petitioner contends that the gift over to the Old Ladies Home in Roxbury is void for remoteness and that the Institution has an estate in fee simple which may be registered.  The Old Ladies Home is a corporation: its name was changed by the St. of 1874, c. 199, and its identity with the "Roxbury Home for Aged Women and Others" is admitted.  It contends that the gift to the petitioner is a gift upon a charitable trust and the gift over is not void for remoteness within the meaning of the rule against perpetuities; that even if the gift to the petitioner is not a charity within the meaning of the said rule, the gift over to the respondent is valid; and that the petitioner took only a qualified or determinable equitable fee.

The Land Court decided that the petitioner took a determinable or qualified fee, that the gift to the petitioner was not a gift to a public charity, and that the gift over was void for remoteness.  That court also decided that as the petitioner's estate was not in fee simple as required by G. L. c. 185, § 26, its title could not be registered.

Such an estate in land, as a qualified or determinable fee, is recognized in this Commonwealth.  The question whether this form of estate was done away with by the statute *Quia Emptores* was considered in *First Universalist Society of North Adams* v. *Boland,* 155 Mass. 171, and it was decided that a qualified or determinable fee may exist in this Commonwealth.

The proposal to the petitioner by Mr. Williams was to convey the land "for their use as long as the present Institution shall continue to exist on the following conditions. . . .  2d. That when the Institution shall cease to exist the Trustees shall convey

the whole estate to the then authorized managers of the Old Ladies Home in Roxbury." The conveyance by the order of the Probate Court was to conform with the meaning and intent of the donor and was for the uses and upon the trust expressed in his letter to the Institution for Savings. The Institution was to continue to hold the estate "as long as the present Institution shall continue to exist." These words create a qualified or determinable fee. They indicate that the grantee was to own the estate as long as it continued to exist and that its ownership was to cease on the happening of that event. The petitioner owned a fee, as the Land Court decided, because it might last forever; but as the estate would end when the circumstance mentioned occurred, the fee was not absolute but was qualified or determinable.

In *First Universalist Society of North Adams* v. *Boland, supra,* the plaintiff was to hold the estate "'so long as said real estate shall by said society or its assigns be devoted to the uses' . . . as specified. 'And when . . . diverted from the uses . . . then the title of said society . . . shall forever cease, and be forever vested in the following named persons;'" and it was held that these words did not create an absolute fee, nor an estate on condition, but an estate to continue till the happening of a certain event and then to cease; that the grant was not upon a condition subsequent and a re-entry would be unnecessary; that the estate was terminated by its own limitations when it was no longer devoted to the specified uses. That case is decisive of the case at bar. The Land Court was right in deciding that the petitioner had a qualified or determinable fee. See *Easterbrooks* v. *Tillinghast,* 5 Gray, 17.

The gift over in *First Universalist Society of North ·Adams* v. *Boland, supra,* was decided to be void under the rule against perpetuities. The respondent, the Roxbury Home for Aged Women, is a public charity and the gift over to the mayor and aldermen for the aged poor is a gift for a charitable use. *Norris* v. *Loomis,* 215 Mass. 344. *Bowden* v. *Brown,* 200 Mass. 269.

If the gift in the first instance is not for the benefit of a charity and then over, upon a contingency which may never happen within the prescribed limit, to a charity, the gift to the charity is void. *Odell* v. *Odell,* 10 Allen, 1, 7. If the gift over is supported by a gift to a public charity, it is not invalid even though the gift

over will not vest until a period beyond that stated in the rule against perpetuities. *Odell* v. *Odell, supra.* Although savings banks under our laws are incorporated to encourage habits of thrift by the allowance of interest on small accounts and their funds and deposits are held for the exclusive benefit of depositors, and they do in fact approximate somewhat to the character of charitable institutions (*Lewis* v. *Lynn Institution for Savings,* 148 Mass. 235, *Gilson* v. *Cambridge Savings Bank,* 180 Mass. 444, 446, *Greenfield Savings Bank* v. *Abercrombie,* 211 Mass. 252) they are not charities in the true sense of the term. They are private corporations. See *Opinion of the Justices,* 9 Cush. 604. Their purpose is not within the meaning of the statute of Elizabeth, 43 Eliz. c. 4, or its object as applied in this Commonwealth. See *Reed* v. *Home Savings Bank,* 130 Mass. 443; *Commonwealth* v. *Reading Savings Bank,* 133 Mass. 16, 19.

As the gift to the Institution for Savings in Roxbury and its Vicinity was not a charitable gift, the gift over to the respondent must fail, because it is void for remoteness. *Odell* v. *Odell, supra.* Gray, Rule against Perpetuities (3d ed.), §§ 592, 594.

The gift over is void, but it does not follow from this that the estate in the original grantee, the Institution for Savings in Roxbury and its Vicinity, is unaffected by the limitation over. There is a possibility of reverter to the original donor or his heirs. *First Universalist Society of North Adams* v. *Boland, supra.* On this ground the case at bar is to be distinguished from the *Brattle Square Church* v. *Grant,* 3 Gray, 142, and analogous cases where the entire estate of the owner passed by the grant, and the conditional limitation imposed being void for remoteness, the original estate in the grantor was unaffected by the limitation over and was in the same situation as if the devise over had been wholly omitted.

The decision of the Land Court was right. The petitioner took a qualified or determinable fee. The gift over on the termination of the precedent estate is void because it violates the rule against perpetuities, and as the petitioner did not have the entire title under G. L. c. 185, § 26, the title could not be registered.

*Exceptions overruled.*