No. 17,981.

HAROLD DILLINGER *v.* THE NORTH STERLING
IRRIGATION DISTRICT.
(308 P. [2d] 606)

Decided March 18, 1957.

Mr. CHARLES S. VIGIL, for plaintiff in error.

Messrs. KREAGER & SUBLETT, Mr. GRAYDON F. DOWIS, JR., for defendant in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

FOLLOWING our decision in *Dillinger, et al. v. North Sterling Irrigation District,* 129 Colo. 17, 266 P. (2d) 776, the District commenced an action to condemn the fourteen acres of land referred to in that case as the "registered land."

No answer was filed in the present case by plaintiffs in error. Trial was had to a jury. Under proper instructions, not objected to, but expressly approved by counsel for plaintiff in error, the jury returned its verdict embracing three items: (1) "The value of the land actually taken is $1,326.60"; (2) "The damages, if any, to the residue of the farm is $NONE"; (3) "The amount and value of the benefit, if any, to the residue of the farm is $NONE." From the decree and judgment awarding respondents Harold Dillinger and Lloyd Dillinger $1,326.60 for the land taken, only Harold Dillinger is here on writ of error.

For reversal it is contended that "as a matter of law an injury was incurred to the land retained by the Dillingers and the jury should have compensated them for this harm." That the District "should have been required to pay for improvements made to the freehold, since these were built before the condemning party had any interest in the tract." That the District was a trespasser and the trial court erred in not instructing the

jury "that the rent value for the past five years ought to be included in their award."

The jury under proper instructions, as we have noted, found no damage in value to the remainder of the Dillinger land not taken in the condemnation proceeding. This was a factual question upon which the jury had the benefit of the testimony of some eighteen witnesses. A careful examination of the record discloses that there is ample competent evidence to support the verdict in this regard, and we may not interfere therewith. *McGovern v. Board of County Commissioners,* 115 Colo. 347, 173 P. (2d) 880; *Board of Commissioners v. Noble,* 117 Colo. 77, 184 P. (2d) 142.

We need not repeat the factual situation set forth in the first Dillinger case, supra. Suffice it to say that the District constructed its work in the area in 1910 and 1911. Since that time the use of the land and the facilities constructed by the District has been continuous. By this writ of error counsel for Dillinger claim an obligation of the District to pay for the improvements made and continuously used by the District before the respondents acquired any title in 1950. Such improvements were made in good faith by the District under color of title and claim of right, as appears from the facts in the first Dillinger case, supra. We think that this contention is answered by the leading case of *Searl v. School District No. 2,* 133 U. S. 553, where it was said:

" * * * The only legitimate inference from these facts is that the District acted throughout in good faith, as the opposite of fraud and bad faith, and although it may have been wholly mistaken, the intention guided the entry and fixed its character, and it cannot be held to have been such a trespass as to justify the claim that the school building erected in similar good faith, so became part and parcel of the land as to entitle the owner to recover its value."

From the admitted facts in the case before us we must conclude that the District acted throughout in

good faith, as the opposite of fraud and bad faith, and although it may have been partially mistaken, a bona fide intention guided the entry of the District on the lands and fixed its character. Hence, it cannot be held to have been such a trespasser as to justify the claim that the irrigation improvements, erected in like good faith, became part and parcel of the land so as to entitle the Dillingers to recover the value thereof in addition to the actual value of the real interest which the Dillingers had in the land at the time of trial. See, also, 18 Am. Jur. 897 and 29 C.J.S. 1052. *Williams v. Hankins,* 70 Colo. 237, 245 P. 483.

Considering the claim that the District was a trespasser we need only say that the Dillingers had full knowledge of the claimed right of the District, its occupancy of the land, and the improvements it placed thereon, together with its use thereof, prior to and at the time the Dillingers purchased their land, including the fourteen acres in question. Moreover, the deed under which the Dillingers claim contained exceptions and reservations including the following: " * * * subject to rights of the North Sterling Irrigation District by reason of easements and condemnation rights." Not only this, but the Dillingers inspected the land when they acquired title in 1950 and could not fail to observe the dyke, headgate and canal. The District was not a naked trespasser, nor was it a willful wrongdoer.

■ The sole question in an eminent domain action (where there is no dispute concerning the right of the condemnor to maintain the action) is the fair market value of the property taken as of the date of trial. *Union Exploration Co. v. Moffat Tunnel Imp. Dist.,* 104 Colo. 109, 89 P. (2d) 257.

■ As we have noted above, the case of *Dillinger, et al. v. North Sterling Irr. District,* 129 Colo. 17, 266 P. (2d) 776, was a quiet title action. Rule 105, Colo. R.C.P., provides that in such action there may be a complete adjudication of the rights of the parties litigant, together

with "damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties."

Hence, if the Dillingers had any claim for damage to, or on account of, the fourteen acres, it was under the rules, essential that such claims be asserted in the quiet title action. No such claim was made by the answer in that action, and no such relief was awarded.

In *Searl v. School District, supra,* it was said: "Plaintiff in error obtained the legal title February 2, 1884, and this petition was filed the second day of June of the same year. If he suffered injury by being out of possession for which he could recover damages, they could not be assessed in this action, and there is nothing in the record to show any claim to that effect was made."

To summarize the instant case: There were no objections to instructions under which the jury rendered its verdict. The matter submitted was a factual one and by its verdict the jury determined the fair market value of the land condemned, together with benefits or damages to the remainder of the Dillinger land by reason of the taking of the fourteen acres. The District cannot be required to pay for improvements constructed by it many years ago when it originally entered upon the land in good faith, under color of title and under a bona fide claim of right. The District was not, under the facts disclosed, a willful trespasser, nor did it act in bad faith. Moreover, the matter of damages for the use of the land was not raised in the quiet title action, and, therefore, could not be an issue in the present case.

Perceiving no prejudicial error in the record before us the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.