No. 18,532.

THE COLORADO NATIONAL BANK, AS EXECUTOR, ETC. *v.*
PHILIP J. McCABE, ET AL.
(353 P. [2d] 385)

Decided May 9, 1960.   Rehearing denied July 11, 1960.

22

Messrs. CREAMER & CREAMER, for plaintiff in error.

Mr. JAMES W. CREAMER, Mr. BERNARD E. ENGLER, Mr. JAMES J. DELANEY, for defendant in error Philip J. McCabe.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as the Bank, is the duly appointed and acting executor of the will of Agatha C. H. Zimmerman, deceased, and is named in her will as her testamentary trustee.

Mary E. McCabe is the only heir at law of said deceased. She will be referred to as Mary.

Philip J. McCabe, hereinafter referred to as Philip, and Margaret Louise Gassman, hereinafter referred to as Margaret, are the children of Mary, but are not heirs at law of the deceased. Decedent and Mary were distant cousins, and heirship derives from that relationship.

Other persons named as defendants in error are beneficiaries under the will.

The several church and charitable organizations who are defendants in error, were named in the will as recipients of remainder interests in the principal estate under trust provisions of the will. The validity of these interests is questioned and is hereinafter considered.

The will was admitted to probate without objection or caveat by any person, and with the consent of Mary, Philip and Margaret, who are the principal beneficiaries. As already noted, Philip and Margaret would receive nothing except for the provisions of the will.

Some time after the will was admitted to probate, Philip filed his petition in the probate court in which he alleged that "* * * he is a party interested in the above captioned estate as a beneficiary under the Last Will and Testament of Agatha C. H. Zimmerman, duly admitted to probate by this court on the 12th day of March, 1956." The petition then summarizes the forepart of the will (which contains nothing pertinent to this review) and quotes paragraphs VIII, X, and XIII of the will. The petition then recites that Petronella Golden (a named beneficiary) predeceased testatrix, leaving as residuary beneficiaries Mary, Margaret, and petitioner Philip. The petition then alleges:

"3. That the clauses of said will above enumerated purport to create a trust for a period of twenty-five years; that said provisions are void and of no effect for the reason that the same are made contrary to law, and more specifically that portion of the law known as the Rule Against Perpetuities; that petitioner has called to the attention of the Executor herein said fact and has requested the Executor to seek from this Court construction and interpretation of said provisions, but said Executor has refused and neglected to request such interpretation, and that petitioner therefore has no alternative but to so request this Court for construction and interpretation.

"4. That the legality and effect of said provisions should be construed and determined by this Court; that if said provisions are in fact to be found void and of no effect because made contrary to law, that the share of petitioner, the same being one-third interest in and to the residue of said estate, should be decreed to vest in him absolutely.

"5. That sale or conversion of assets by the Executor here in pursuance to powers contained in the aforesaid will, without application to or order of Court, will be prejudicial to the interests of this petitioner and petitioner prays that, until the matter of construction, as herein sought, is determined, the Executor be restrained and enjoined from sale or conversions of any assets of this estate except pursuant to specific order of this Court."

Philip sought relief in pursuance of the allegations of his petition above quoted. The court entered an ex parte order, setting the petition for hearing on October 17, 1956.

The Bank thereupon filed the following motions: (1) to vacate the hearing; (2) to dismiss the petition of Philip; (3) a request for instructions as to what should be done with Philip's interest under the will in view of paragraph XVI thereof which purports to nullify any bequest to a person who "in any wise directly and indirectly" contests the will or any of its provisions; and (4) to "Dismiss Petition Relative to Construction of Will."

The Petition of Philip and the Motions filed by the Bank came on for hearing on July 26, 1957. The Court took the matter under advisement.

On November 20, 1957, the Court entered "Findings of Fact, Conclusions of Law, Judgment and Decree" in which is found the following: (1) that the Court has jurisdiction of the subject matter and parties; (2) that due notice of the petition and hearing thereon was given interested parties; (3) that the subject matter of the petition was proper matter for determination of the Court; (4) that clauses I to VII of the will are not in dispute and no finding is made on them; and (5) that the petition raises questions as to certain other provisions, and as to whether they violate the Rule Against Perpetuities.

The said Findings then continued:

"6. That to make such determination, it was first

necessary for the Court to determine the intent of the testatrix; that the Court finds that the clear intent of the testatrix was to prevent the vesting of the residue of her estate for a gross term of twenty-five years.

"7. That the beneficiaries of said trust were Mrs. Mary E. McCabe, Philip J. McCabe and Margaret Louise McCabe, now Margaret Louise McCabe Gassman; that said persons were in being upon the death of the testatrix.

"8. That the portion of the law, known as the Rule Against Perpetuities was, at the time of admission of said will to probate and now is the law of the State of Colorado.

"9. That Clause VIII of said will attempts to convey to the Colorado National Bank of Denver, Colorado, as trustee, the residuary estate of the testatrix for a gross term of twenty-five years.

"10. That Clause XIII of said will attempts to provide for distribution of said residuary estate at the end of a term of twenty-five years; that the beneficiaries could not, at the time of death of the testatrix, be determined until the completion of the term of twenty-five years.

*CONCLUSIONS OF LAW.*

"1. The law relating to remote vesting, also known as the Rule Against Perpetuities, is the law of the State of Colorado.

"2. That Clauses VIII and XIII are inseparable and must be construed together to arrive at the intent of the testatrix.

"3. Clause VIII and the said will, vesting the residuary estate of the decedent in a private corporate trustee for a gross term of twenty-five years, violates the Rule Against Perpetuities and is therefore void.

"4. Clause XIII, which is dependent upon Clause VIII, providing for distribution of the residuary estate, is likewise void.

"5. Such other portions of the will relating to the powers and duties of the trustee and the distribution of

income from the purported trust, are for the reasons aforesaid, also void.

"6. That Mrs. Margaret McCabe, Philip J. McCabe and Margaret Louise McCabe, now Margaret Louise McCabe Gassman, are the residuary beneficiaries of the above-captioned estate and entitled to distribution of said residue in the following proportions, to-wit: To each, one-third of said residue."

"7. That heretofore the Court notified the parties hereto of his proposed finding of fact, conclusions of law, judgment and decree and requested attorneys for petitioner to prepare the same and submit to proponent for approval as to form; that said instrument was thereupon duly prepared and approved by petitioner and submitted written objections to said decree, which objections have been noted by the Court.

"It is, therefore,

"ORDERED, ADJUDGED AND DECREED, that the trust provisions of said will, purporting to convey the residue of the assets in the above captioned estate to the Colorado National Bank be, and the same hereby are, declared void and of no effect; that the estate be administered as provided by law and that the residue thereof be distributed one-third to Mrs. Mary E. McCabe, one-third to Philip J. McCabe, and one-third to Margaret Louis McCabe Gassman; that the written objections of proponent to proposed findings of fact, conclusions of law, judgment and decree are hereby expressly overruled as being in the nature of motion for rehearing and prematurely filed; that motion for rehearing is hereby dispensed with for the reason that the same, if made, would be denied."

The pertinent paragraphs of the will which give rise to the issues of law involved herein are the following:

VIII. All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated, of which I may die seized or possessed, or to which I may be entitled at the time of my demise, I give, devise

and bequeath to The Colorado National Bank, Denver, Colorado, as trustee, upon trust that my said trustee shall pay to Mrs. Petronella Golden, Mrs. Mary E. McCabe, Philip James McCabe and Margaret Louise McCabe, for twenty-five (25) years after my demise, the net income thereof, for their personal support, maintenance and education. Such payments to be made as income accumulates, but at no time less than Twenty-five ($25.00) Dollars Each.

"X. Should any of the beneficiaries mentioned in paragraphs 'VII,' 'VIII,' and 'IX' pass away between the termination of this trust, the share of such deceased beneficiary shall revert to the remaining beneficiaries, share and share alike.

\*   \*   \*

"XIII. I hereby direct and desire that this trust estate shall continue for twenty-five (25) years after my demise, after which time shall cease and the proceeds therefrom be divided equally between the beneficiaries or surviving beneficiaries or issue thereof mentioned in paragraph 'VIII' of this my Last Will and Testament. Should there be no surviving beneficiaries or issue thereof, then and in that event, the proceeds shall be divided equally between the Little Sisters of the Poor, at Mullen's Home, Denver, Colorado; St. John the Evangelist Church, Fifth and Josephine, Denver, Colorado; St. Vincent's Orphanage and St. Clara's Orphanage, of the City and County of Denver, State of Colorado, share and share alike.

\*   \*   \*

"XVI. Should any of the beneficiaries under this, my Will, object to the probate thereof, or in any wise directly or indirectly contest or aid in contesting the same or any of the provisions thereof or the distribution of my estate thereunder, then and in that event, I annul any bequest herein made to such beneficiary or beneficiaries, and it is my will that such beneficiary or beneficiaries shall be absolutely barred and cut off from any share in

my estate and such share shall become a part of the residuary estate."

In considering whether or to what extent limitations in this instrument violate the Rule Against Perpetuities we must (1) construe the will without regard for the consequences in order to determine the nature of the various interests and the time at which they will or may vest in interest, and (2) apply the Rule Against Perpetuities as a rule of law. *Cattlin v. Brown,* Chancery, 1853, 11 Hare 272; *Whitby v. Von Luedecke,* Chancery, 1906. 1 Ch. 783; *Pearks v. Moseley,* Court of Chancery, Court of Appeal, and House of Lords, 1870, 1880. L. R. 11 Eq. 499; 5 App. Cas. 714.

Using this approach we first consider the interests growing out of paragraph VIII. It is clear that an active trust is created. It is equally clear that if Petronella had survived the testatrix the four named beneficiaries each would have had a vested interest in one-fourth of the income for his or her personal use for twenty-five years or until his earlier death. Considering paragraph VIII alone, Petronella having predeceased the testatrix her interest lapsed and passed by intestacy to Mary as the next of kin and sole heir of the testatrix. *Feeney v. Mahoney,* 123 Colo. 448, 231 P. (2d) 465.

We must next consider the effect of paragraph X upon the dispositions made in paragraph VIII. Paragraph X provides that if any of the beneficiaries mentioned in paragraph VIII shall die "between" (meaning "before") the termination of the trust the share of such deceased beneficiary shall "revert" (probably meaning "shall be paid") to the remaining beneficiaries. Two questions are raised by the provisions of paragraph X, as follows:

(1) Do the provisions of paragraph X apply to income only? We hold that they do apply to income only, so far as paragraph VIII is concerned. Disposition of the principal or proceeds of the trust is provided for in paragraph XIII, not in VIII or X.

(2) Do the provisions of paragraph X give Petro-

nella's share, the share of the income which she would have taken had she survived the testatrix, to the other three beneficiaries? Paragraph X relates to "beneficiaries." Petronella never became a beneficiary, because she predeceased the testatrix. Nevertheless the clear intention of the testatrix, as gathered from within the four corners of the will, was to give the income to the survivors.

■ Upon the basis of the above conclusions we hold that Mary, Philip and Margaret have vested interests in the income with cross remainders in such income in the event of the death of any of the three before the trust terminates. The cross remainders are contingent. See *Whitby v. Von Luedecke*, supra. We further hold that no others named or described in the will, i.e. the "issue" and the charities, have any interest except as the "issue" of decedent's heir, Mary McCabe, might have an interest as heirs, if intestacy results by reason of the death of Mary, Philip and Margaret before the termination of the trust at the expiration of twenty-five years from the date of the death of the testatrix.

*There is no violation of the Rule Against Perpetuities as regards the income,* which is vested or will vest in the three or the survivors of them within their own lives, and if all should die before the expiration of twenty-five years the right to the income will vest in the heirs of the testatrix. This also would be within the period of the Rule, i.e. at the end of the lives of Mary, Philip and Margaret.

We now come to the consideration of the disposal of the principal of the trust. Paragraph XIII, and only paragraph XIII, relates to the disposition of the principal of the trust. This paragraph provides that the trust estate shall continue for twenty-five years after the death of the testatrix, at which time the trust shall terminate and the proceeds therefrom shall "be divided equally between the beneficiaries or surviving beneficiaries or issue thereof mentioned in paragraph VIII."

It then provides that *if there should be no surviving beneficiaries or issue thereof* (a clear contingency) then and in that event the proceeds "shall be divided equally" among the four named charitable corporations in Denver. Disregarding for the moment the interest of the charitable corporations, the principal is to be divided equally between the beneficiaries or surviving beneficiaries or their issue. The use of the disjunctive "or" as meaning "to Mary, Margaret and Philip or the survivor *or* survivors of them, and if none survive the termination of the trust then to their issue living at the termination of the trust," is a most reasonable construction and consistent with what appears from the whole instrument to have been the plan of the testatrix.

What is the nature of the interests of Mary, Philip and Margaret in the principal? Under our decisions the interests of these individual beneficiaries in the principal of the trust, being conditioned upon survivorship, clearly are contingent. *Hickey v. Costello,* 80 Colo. 461, 251 P. 595 (1927); *Snyder v. O'Conner,* 102 Colo. 567, 81 P. (2d) 773 (1938); *People v. Denver,* 104 Colo. 561, 93 P. (2d) 880 (1939). In *Hickey v. Costello,* a case very similar to that under consideration, the court said the bequest could not vest until the children reached the age of 25 because of the uncertainty of death and survivorship. In *Snyder v. O'Conner* there was a trust for testator's children Morris, Max, Irving, Rose and Annie. They were to receive the income and if any child should die, his issue was to take his share and if no issue then his share to augment the shares of the other children. The principal was to be distributed 10 years after testator's death among his surviving children, with the same provisions for substitution as related to income. The child Max, however, was a minor and he was not to receive his share in income or principal until he attained his majority. The court described the interest of Max as "thoroughly contingent." This may not be consistent with the great weight of authority in the United

States, but it is the law in Colorado. The direct and cross interests of Mary, Philip and Margaret in principal are contingent, but they are valid as they must vest, if at all, within their own lives. All interests of Mary, Philip and Margaret as beneficiaries under the will terminate in the event of their respective deaths before termination of the trust.

As to the interests of the *issue* of Mary, Philip and Margaret, they have no interest in the income. Their interests in the principal are contingent, and are such for the reasons given above with respect to the interests of Mary, Philip and Margaret in the principal. The issue will take only if they are living twenty-five years after the death of testatrix *and* if Mary, Philip and Margaret are then deceased. The issue of Mary, Philip and Margaret take nothing under the will.

We next consider the interests of the four charitable corporations named as beneficiaries if none of the individual beneficiaries of the trust, or their issue, survive the termination of the trust. The interests of the charitable corporations are clearly contingent under the language of paragraph XIII and under the cases cited above. The gift to the charitable corporations is found only in the language of paragraph XIII "and in that event the proceeds shall be divided equally between the Little Sisters of the Poor," etc. The interest of the charities is in no sense vested. *People v. Denver,* 104 Colo. 561 at 571, 93 P. (2d) 880 (1939). It is expressly conditioned upon all the individual beneficiaries and their issue having died.

Assuming, as we must, that the interests of the *issue* of Mary, Philip and Margaret are contingent, and cannot vest until twenty-five years after the death of the testator, and assuming also that the interests of the charitable corporations are likewise contingent, it is clear that these interests violate the Rule Against Perpetuities. The only lives in being which can be used as a measure are the lives of Mary, Philip and Margaret, and any of

their issue living at the time of the death of testatrix. To illustrate, we may assume that one of the three had a child "X" living at the time of the death of the testatrix. We may also assume that two years after the death of the testatrix another child which we will call "Y" is born, and that in the same year the child "X" and Mary and Philip and Margaret all die. Upon the assumptions here made the child "Y" cannot take a vested interest for another 23 years, and the limitation to him obviously violates the Rule. The situation is the same with the charitable corporations. All lives in being at the time of the death of the testatrix have been extinguished. It will be 23 years before the interests of the charitable corporations will vest.

It is true that the Court has said on a number of occasions that the Rule Against Perpetuities does not apply to charities, but never in a case where the interests of individuals or non-charitable corporations have intervened. It is true also that a gift over from a first charity to a second charity on a condition precedent which may not occur within the period of the Rule constitutes an exception to the Rule and is valid. Other contingent gifts to charity are subject to the Rule in the same manner as dispositions of property to individuals or non-charitable corporations. This is well settled. It is Hornbook law. Simes, The Law of Future Interests, §1281; 4 Restatement, Property (1944) §396. The leading case probably is *Institution for Savings v. Roxbury Home,* 244 Mass. 583, 139 N.E. 301 (1922). That vesting in the trustee (which is to pay over upon a remote contingency) is not vesting which will save otherwise invalid interests from the operation of the Rule is too well settled to require discussion.

The last and important question concerns *the effect* of the invalidity of the gifts to the issue and to the charitable corporations as in violation of the Rule Against Perpetuities. The gift of income to Mary, Philip and Margaret or the cross remainders in the income,

34

while contingent, do not violate the rule. Nor does the contingent interest of the three in the principal upon termination of the trust, violate the Rule.

■ The will itself is valid. It is good in all respects excepting only the remote gifts to the issue and to the charitable organizations. In the event of the death of Mary, Philip and Margaret before the termination of the trust the interests undisposed of will go to the heirs or next of kin of the testatrix.

■ Paragraph XVI of the will does not, in our view, affect the right of Philip as a beneficiary under the circumstances in *this case,* where the petition for construction of the will is made with probable cause, asserting a violation of the Rule Against Perpetuities and the executor and trustee has declined to act after being requested to do so. The holding that gifts to issue and to the charitable organizations are invalid does not in any manner benefit Philip. His interest in the income and principal remain the same as when he commenced this action.

The judgment is reversed and the cause is remanded with directions to enter judgment consistent with the views herein expressed.

MR. JUSTICE HALL not participating.