**E–470 PUBLIC HIGHWAY AUTHORITY,**
Plaintiff–Appellee,

v.

**ARGUS REAL ESTATE PARTNERS, INC., a Colorado corporation; and Britton Ranch, Ltd., a Colorado limited partnership, Defendants–Appellants.**

No. 01CA0487.

Colorado Court of Appeals,
Div. II.

March 14, 2002.

Rehearing Denied July 11, 2002.

Certiorari Denied May 20, 2003.

Icenogle, Norton, Smith, Blieszner & Miller, P.C., Edward J. Blieszner, Denver, CO, for Plaintiff–Appellee.

Isaacson, Rosenbaum, Woods & Levy, P.C., Blain D. Myhre, T. Barton French, Jr., Denver, CO, for Defendants–Appellants.

Opinion by Judge JONES.

Defendants, Argus Real Estate Partners, Inc. and Britton Ranch, Ltd., appeal the judgment quieting title to a parcel of land in favor of plaintiff, E–470 Public Highway Authority. We affirm.

Britton Ranch owned certain real property in Arapahoe County, a portion of which it donated to the Authority through an Agreement to Donate Property (the Agreement) "for the purpose of constructing the Public Highway."

Ultimately, the Authority did not build any portion of E–470 upon the subject property. Rather, the highway was constructed so as to pass one-half mile from the property.

Section 5.3 of the Agreement described a process for the Authority to return the property if it was not needed:

> If the Authority no longer has a need for all or any portion of the Property Rights acquired pursuant to this agreement, after passing an appropriate Resolution the Authority shall offer the Property Rights, or any portion of them for which it no longer has a need to the Landowner, or its successors and assigns, by quit claim [sic] deed without charge.

However, after Britton Ranch and the Authority had signed the Agreement, representatives for the two entities executed a gift deed, which provided, in pertinent part, for transfer of all of Britton Ranch's interest in the property:

> This conveyance is granted with all the hereditaments and appurtenances belonging to the Property, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever of the Grantor, either in law or

equity, of, in and to the Property, with the hereditaments and appurtenances.

Britton Ranch later assigned its rights in the Agreement to Argus.

The Authority brought this action to remove a potential cloud on its title to the property caused by language in the Agreement. Argus counterclaimed, alleging that the language in the Agreement required the Authority to deed the property back to it. Both parties moved for summary judgment.

The district court entered summary judgment for the Authority and denied Argus's motion. The court found that section 5.3 of the Agreement violated the rule against perpetuities. It found that the Agreement did not establish when, if ever, the Authority may determine that it "no longer has need" for the subject property rights. This appeal followed.

## I.

Argus first contends that the trial court erred in applying the rule against perpetuities to invalidate its interest in the property. We perceive no error.

Courts review the grant of summary judgment de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.,* 901 P.2d 1251 (Colo.1995). Summary judgment is a drastic remedy and should be granted only if there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988). A reviewing court must view the record in the light most favorable to the nonmoving party. *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606 (Colo.1999).

■ The rule against perpetuities provides that "no interest in real property is valid unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." *Crossroads Shopping Ctr. v. Montgomery Ward & Co.,* 646 P.2d 330, 332 (Colo.1981). "The rule prevents the remote vesting of contingent interests in real property." *Cambridge Co. v. East Slope Inv. Corp.,* 700 P.2d 537, 540 (Colo.1985).

## A.

Argus argues that it retained a present, vested interest in the property at all times by virtue of section 5.3 of the Agreement. It characterizes this provision of the Agreement as a present, reversionary interest in the property, which is not subject to the rule against perpetuities. We disagree.

■ A reversion is the undisposed portion remaining in a grantor when that grantor conveys less than his or her whole estate and, therefore, retains a portion of the title. *Mosca Town Co. v. Wellington,* 39 Colo. 326, 331, 89 P. 783, 785 (1907)(stating "a reversion is the residue of an estate left in the grantor and his heirs to commence in possession after the determination of some particular estate granted out by him"; quoting 24 Am. & Eng. Enc. Law 420). A reversion is certain to happen and is not subject to a condition precedent. 31 C.J.S. *Estates* §§ 103(b), 104 (1996).

■ An interest is "contingent" if an uncertain event must pass in order for it to vest. *See Barry v. Newton,* 130 Colo. 106, 273 P.2d 735 (1954). Where "[i]t is impossible to determine in whom the ultimate right to the estate may vest, or whether it will ever vest, ... no conveyance can pass an absolute title because it is wholly uncertain in whom the estate will vest on the happening of the event upon which the interest is to take effect." *Barry v. Newton, supra,* 130 Colo. at 114, 273 P.2d at 740 (citing *Proprietors of Church v. Grant,* 69 Mass. (3 Gray) 142, 63 Am. Dec. 725 (1855)).

■ The record reveals that neither the Agreement nor the deed executed by the parties reserved any portion of the estate to Argus. The Agreement stated: "The Landowner agrees that the terms of this Agreement are full and just compensation for all of its past, present, and future interests in the Property Rights." Similarly, the deed stated: "This conveyance is granted with all the ... reversion and reversions ... and all the estate, right, title, interest, claim and demand whatsoever of the Grantor, either in

law or equity, of, in and to the Property, with the hereditaments and appurtenances."

The Agreement provided numerous conditions precedent to quitclaim of the property to Argus. First, the Authority must conclude that it no longer needs the property, a conclusion the Authority may reach beyond twenty-one years after a life in being at the time of the Agreement. Secondly, the Authority must pass a resolution. Thirdly, if the resolution passes, the Authority then "shall offer" to quitclaim the property to Argus without charge. Finally, upon receiving this offer, Argus may accept or decline the offer. These contingencies prevent the absolute certainty of Argus's right to the property. *See Barry v. Newton, supra.*

Therefore, we conclude that Argus does not have a present, reversionary interest in the property.

### B.

Argus next asserts that the Agreement creates a public charitable gift and, therefore, the rule against perpetuities does not apply. We disagree.

The exception to the rule against perpetuities for charitable gifts favors a gift from a "first charity to a second charity." *See Colorado Nat'l Bank v. McCabe*, 143 Colo. 21, 33, 353 P.2d 385, 391 (1960)(stating that gift over from first charity to second charity on condition precedent which may not occur within the period of the rule against perpetuities constitutes exception to rule and is valid). However, the supreme court has construed the exception liberally. *In re Schleier's Estate*, 91 Colo. 172, 13 P.2d 273 (1932)(enforcing perpetual trust to benefit charities rather than voiding trust and allowing residue to pass to heirs). Nevertheless, where the interests of either an individual or a noncharitable corporation intervene, the exception is lost. *See Colorado Nat'l Bank v. McCabe, supra.*

In this instance, neither Argus nor the Authority is a charity. If section 5.3 of the Agreement is enforceable, then Argus's interests have intervened. Although Argus admits that it donated the land for the construction of a highway, and it asserts that it

acted to promote the public good and to avoid eminent domain proceedings, Argus's current arguments belie these purposes.

Had the state, via the acts of the Authority, taken the property by eminent domain, it would have been required to pay Argus the fair market value of the property. *Dillinger v. North Sterling Irrigation Dist.*, 135 Colo. 95, 308 P.2d 606 (1957). The record reveals that Argus foresaw the possibility that the Authority would not use the land and attempted to reserve a right to reclaim title to the gift in order to utilize the property for its own benefit.

Thus, we conclude that the charitable contribution exception to the rule against perpetuities does not apply to this transfer of land and that the interest in the property conveyed by the Agreement is subject to the rule against perpetuities.

Therefore, the district court did not err when it invalidated Argus's interest in the property by application of the rule against perpetuities.

We note, further, that because the trial court did not address issues of merger, we need not do so.

### II.

In the alternative, Argus contends that, if the Agreement violates the rule against perpetuities, public policy requires that Argus's interest in the property be upheld. We disagree.

### A.

Argus relies upon the rubric of *Cambridge Co. v. East Slope Inv. Corp., supra*, to argue that the rule against perpetuities should not be applied to this situation. We conclude that Argus's reliance upon this case is misplaced.

In *Cambridge*, the supreme court held that "the rule against perpetuities will be applied to preemptive rights *only where* the purposes of the rule, such as preventing a practical restraint upon alienation or encouraging improvement of the property, are served." *Cambridge Co. v. East Slope Inv. Corp., su-*

*pra,* 700 P.2d at 541 (emphasis added). However, the court also noted that "circumstances making it difficult to locate the holders of contingent future interests may create a sufficient restraint on alienation to require application of the rule against perpetuities." *Cambridge Co. v. East Slope Inv. Corp., supra,* 700 P.2d at 541 n. 4 (citing *Atchison v. City of Englewood,* 170 Colo. 295, 463 P.2d 297 (1969)).

The *Cambridge* case is distinguishable from this case because, here, as opposed to *Cambridge,* section 5.3 does not ensure a sale at full market value upon the Authority's determination that it no longer has a need for the property. Rather, the Authority is required either to use the property or to give it away. Because it is plainly in the Authority's interest to keep and use the property pursuant to its broad powers under § 43-4-506, C.R.S.2001, transfer of the property would be restrained for all time by enforcement of section 5.3.

### B.

During oral arguments, counsel for Argus asserted that, with the passage of § 15-11-1101, et seq., C.R.S.2001, the General Assembly strongly turned away from the rule against perpetuities with respect to commercial property. Because Argus did not raise this argument in the trial court, we decline to address it here. *See Matthews v. Tri-County Water Conservancy Dist.,* 200 Colo. 202, 613 P.2d 889 (1980).

### C.

Argus also argues that enforcement of the terms of the Agreement would actually promote the policy of encouraging the property's improvement. We disagree.

The parties do not dispute that the deed from Britton Ranch to the Authority was valid. That deed granted the Authority "all the estate, right, title, interest, claim and demand whatsoever of the Grantor, either in law or equity, of, in and to the Property, with the hereditaments and appurtenances." But for the cloud created by section 5.3 of the Agreement, the Authority possesses a fee simple interest in the land, which it can improve, convey, or retain for future sale or use. Section 5.3 prevents the Authority from selling the land for its fair market value, because by doing so the Authority would trigger Argus's rights under that section.

### III.

Argus finally contends that the trial court erred in denying its motion for summary judgment because the Agreement requires the Authority to return the property to Argus if the Authority no longer needs the property for the purpose of constructing the public highway.

Because we have determined that the Agreement was subject to the rule against perpetuities, and that Argus had no interest remaining in the property, we need not consider this issue.

The judgment is affirmed.

Judge PLANK and Judge WEBB, concur.